UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

JOHN MCMURRAY,                    Docket No. 08-civ-7048 (GEL) (FM)

        Plaintiff,            **JURY TRIAL DEMANDED**

v.

METALLIC LATHER'S REINFORCING
IRON WORKER'S UNION LOCAL46,
AFL-CIO

        Defendants.
------------------------------------------------ X

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S VERIFIED COMPLAINT

### Statement Pursuant to Federal Rule of Civil Procedure 7.1

1. Admitted upon information and belief.

### Jurisdiction and Venue

2. Denied.

3. Denied.

4. Admitted.

5. Denied.

6. Denied as a conclusion of law to which a responsive pleading is not required.

7. Denied as a conclusion of law to which a responsive pleading is not required.

8. Denied as a conclusion of law to which a responsive pleading is not required.

1

9. Admitted upon information and belief. Strict proof of the averment in Paragraph 9 is demanded. By way of further answer, the EEOC also determined that it was unable to conclude that there was a violation of the applicable statute.

10. Admitted upon information and belief. Strict proof of the averment in Paragraph 10 is demanded.

### The Parties

11. To the extent that Paragraph 11 alleges the age, citizenship, and date of birth of Plaintiff, such allegation is admitted upon information and belief.

12. Admitted in part and denied in part. It is admitted upon information and belief that Plaintiff's mailing address is 106 Kraft Avenue, Bronxville, New York. It is denied that this residence is in Bronx County.

13. Admitted.

14. Denied as a conclusion of law to which a responsive pleading is not required.

15. Denied as a conclusion of law to which a responsive pleading is not required.

### Factual Allegations

16. (Numbered Paragraph 15 in the Complaint.) Admitted.

17. (Numbered Paragraph 16 in the Complaint.) Admitted upon information and belief. Strict proof of the averment in Paragraph 17 is demanded.

18. (Numbered Paragraph 17 in the Complaint.) Admitted.

19. (Numbered Paragraph 18 in the Complaint.) Denied.

20. (Numbered Paragraph 19 in the Complaint.) Denied.

21. (Numbered Paragraph 20 in the Complaint.) Denied

22. (Numbered Paragraph 21 in the Complaint.) Denied.

23. (Numbered Paragraph 22 in the Complaint.) Denied.

24. (Numbered Paragraph 23 in the Complaint.) Denied.

25. (Numbered Paragraph 24 in the Complaint.) Denied.

### First Cause of Action

26. (Numbered Paragraph 25 in the Complaint.) Denied.

27. (Numbered Paragraph 26 in the Complaint.) Denied.

28. (Numbered Paragraph 27 in the Complaint.) Denied.

29. (Numbered Paragraph 28 in the Complaint.) Denied.

### Second Cause of Action

30 (Numbered Paragraph 29 in the Complaint.) Denied.

### Third Cause of Action

31. (Numbered Paragraph 30 in the Complaint.) Denied.

32. (Numbered Paragraph 31 in the Complaint.) Denied.

33. (Numbered Paragraph 32 in the Complaint.) Denied. It is denied that Plaintiff is entitled to any relief, damages, costs fees, and/or award of punitive damages.

34. (Numbered Paragraph 33 in the Complaint.) Admitted. It is admitted that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

35. Plaintiff fails to make a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

36. Plaintiff has failed to exhaust administrative requirements under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, New York Executive Law § 290, *et seq.*, and Title 8 of the Administrative Code of the City of New York, and this Court is without jurisdiction as to his claims under New York Executive Law § 290, *et seq.*, and Title 8 of the Administrative Code of the City of New York, as he has elected his remedies therein.

### THIRD AFFIRMATIVE DEFESE

37. Plaintiff's claims are barred by the doctrines of estoppel, collateral estoppel, res judicata and laches.

### FOURTH AFFIRMATIVE DEFENSES

38. Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff has failed to take steps necessary for him to obtain employment as a journeyman lather and has refused employment opportunities offered to him.

WHEREFORE, Defendant Metallic Lather's Reinforcing Iron Workers Union, Local 46, AFL-CIO demands that Plaintiff's Complaint be dismissed and it be awarded all costs and fees and any other affirmative relief this Court deems appropriate.

Respectfully submitted:

_____
**RICHARD H. MARKOWITZ, Esq.(5158)**
Markowitz & Richman
121 South Broad Street
Suite 1100
Philadelphia, PA 19107
(215) 875-3100
-and-
488 Madison Avenue
New York, NY 10022
(212) 486-9494

Attorneys for Defendant
Metallic Lather's Reinforcing Iron
Workers Union, Local 46, AFL-CIO

**Date: August 19, 2008**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
JOHN MCMURRAY, Plaintiff,

    -against-

METALLIC LATHER'S REINFORCING
IRON WORKER'S UNION LOCAL46,
AFL-CIO, Defendants.
---------------------------------------------------------x

08 civ-7048 (GEL)(FM)

**AFFIRMATION OF SERVICE**

    I, Richard H. Markowitz, Esquire, affirm and declare under penalty of perjury that I have caused to be served a copy of the attached *Answer and Affirmative Defenses to Plaintiff's Complaint* and *Rule 7.1 Statement* upon Howard B. Leff, Esquire, counsel for Plaintiff, whose address is Rosen, Leff, 1055 Franklin Ave., Suite 306, Garden City, NY 11530, by ECF and U.S. Mail, postage prepaid.

Dated: Philadelphia, PA
       August 19, 2008

_____
**RICHARD H. MARKOWITZ, Esq.** (5158)
MARKOWITZ & RICHMAN
488 Madison Avenue
New York, NY 10022
    (212) 486-9494